E. F. COLLIER, APPELLANT, v. J. R. DASHER AND E. P. ROSE, APPELLEES.

EQUITY    PRACTICE—PARTNERSHIP—BILL    TO    ENJOIN OUSTER OF PARTNER—DEMURRER.

Where a bill in equity, brought to restrain alleged partners of the complainant from ousting him from participation in the alleged partnership business, fails to state any facts from which a court can adjudge whether or not a partnership in fact existed, and where a contract between the parties exhibited as part of such bill, is, in its terms, inconsistent with the existence of a real partnership between them, a demurrer to such bill is properly sustained, and such bill should be dismissed.

This case was decided by Division B.

Appeal from the Circuit Court for Washington County.

STATEMENT.

The appellant as complainant below filed his bill in the Circuit Court of Washington county in equity against J. R. Dasher and E. P. Rose, alleging and praying therein as follows:

## "I.

That on or about the first day of November, A. D. 1904, your complainant and said respondents entered into a contract of partnership to engage in the business of operating and conducting a certain turpentine plant for the purpose of manufacturing rosin and spirits-turpentine, at Hog Town, near Point Washington, County of Washington, State of Florida; that by the terms of said contract of partnership, your complainant and said respondents were to conduct said business under the firm name of Dasher, Rose & Company and that, in accordance therewith, said business has since been conducted by your complainant and by said respondents as co-partners under said co-partnership name of Dasher, Rose & Company; that subsequent to the formation of said partnership, your complainant and said respondents on the 13 day of February, A. D. 1905, entered into further articles of agreement whereby said respondents did agree with said complainant to transfer and convey unto said complainant a one-third interest in and to certain property of the then estimated value of $6724.20 when the said turpentine business then being operated and conducted by your complainant and said respondents shall have worked out and paid the sum of $6724.20 with interest on said amount at the rate of 8 per cent and in consideration of said agreement and obligation on the part of said respondents your complainant agreed that he would give to the management of said business all of his time and best attention, all of which will more particularly appear by reference to a copy of said contract of the 13 day of February, A. D. 1905, attached hereto marked Exhibit 'A' and prayed to be made a part hereof for every necessary and legitimate purpose; that in accordance with the

terms of said contract, your complainant has fully per-- formed and complied with each and every obligation therein specified on his part to be performed and has in good faith and to the best of his ability discharged said obligations and has given to the management and control of said business his entire time and best attention.

## II.

That said co-partnership business has been conducted since the formation thereof in November, A. D. 1904, with friendly relation between said respondents and your complainant until the 6 day of June, A. D. 1905, on which date the said J. R. Dasher, one of said respondents, stated to your complainant, in substance, that the said E. P. Rose and himself had decided that it would be for the best interest of the business for your complainant to sever his connection therewith and that since said date said J. R. Dasher has declined and refused, and still continues so to do, to permit your complainant to further engage in the management, conducting and operating said turpentine business and thereby prevents your complainant from the proper and legitimate exercise of his duties and privileges of a co-partner in connection with said turpentine business.

## III.

That your complainant is informed and believes that said turpentine business has been conducted profitably and that the proceeds already accrued from the management thereof since the formation thereof, in November, A. D. 1904, has almost, if not fully paid the amount of

$6724.20; that your complainant is ready, anxious and willing to continue in the proper and legitimate discharge of his duties as a co-partner in the management, control and operation of said co-partnership business but that he is prevented from doing so by the unreasonable and unlawful acts, as hereinbefore specified of the said respondents.

### IV.

Your complainant further represent unto your Honor that he has no adequate remedy and except the State's most gracious writ of injunction and that in the absence of such writ and the relief prayed for your complainant will suffer irreparable damages and injury.

Your complainant would further represent unto your Honor that he has no adequate remedy, and except the State's most gracious writ of injunction and that in the absence of such writ and the relief prayed for your complainant will suffer irreparable damages and injury.

### V.

*WHEREFORE* your complainant humbly prays that your Honor shall be pleased to issue an order directing, enjoining and commanding the said J. R. Dasher and the said E. P. Rose to refrain from any acts or conduct of whatsoever character and description that would prevent or preclude your complainant from the exercise of his right to inspect the books of said co-partnership business to be fully informed as to the state of accounts of said co-partnership business and the further and unlimited discharge of his duties as a co-partner in the management, controlling and conducting said co-partnership business.

## VI.

Your complainant would further humbly pray for such other and further relief in the premises as to your honor shall seem proper and that the State's writ of subpœna shall be duly issued herein in accordance with the statutes of Florida in such cases made and provided, directed to J. R. Dasher and E. P. Rose to fully answer the premises herein. This the 16 day of June, A. D. 1905."

Attached to the bill as part thereof was the following contract between the parties:

## "GEORGIA LOWNDES COUNTY.

This agreement made on this the 27th day of December, 1904, between Rose & Dasher of the one part and E. F. Collier of the other part.

WITNESSETH, That whereas Rose & Dasher own a certain turpentine location at Point Washington, known and called the 'Hog Town Turpentine Place,' consisting of the following property, three sacks oats, twelve sacks corn, seven sacks Purina, nineteen bales hay, five mules, three horses, two wagons and harness, one buggy and harness, two saddles, one still and fixtures, twenty-three shanties, dip barrels, three crops yearling boxes, four crops virgin boxes, and a certain lease made by the West Coast Naval Stores Company to Steel & Rose, said Steel transferring his interest to said Rose, and said Rose transferring half interest in lease to said Dasher, all of said property being of the value of $6724.20 and

Whereas E. F. Collier is desirous of buying one-third undivided interest in said turpentine place, but is unable to do so for want of funds. Now therefore said Rose & Dasher agree that if said Collier will work said turpen-

tine location, giving it all of his time and best attention, when the same has worked but, the sum of $6724.20 with interest on it at 8 per cent, to make the said Collier, his heirs or assigns proper bill of sale to a one-third interest in the property above described. It is distinctly understood by the parties hereto that if the management by Collier of said place or said conduct of said Collier or for any reason he should become unsatisfactory to said Rose & Dasher, to either or both of them, that the said Collier forfeits all of his right and interest in this contract and the same shall be null and void. It is further understood and agreed, however, that if said Collier should forfeit his interest in this contract and the same shall be null and void then he shall receive as compensation for his services $50.00 per month from the dating of this contract to the time of its forfeiture. Said Collier expressly agreeing to the terms of this contract and further agreeing in the event of his becoming unsatisfactory to said Rose & Dasher, to leave said turpentine location without disturbance or molestation of the hands thereon, or causing any trouble whatever.

In witness whereof, the parties hereunto have signed these presents.

C. F. CLARKE            E. P. ROSE     (L. S.)
  N. P. L. Co. Ga.        J. R. DASHER   (L. S.)
                         E. F. COLLIER (L. S.)

Signed and Sealed before me this 13th day of Feb. 1905.
                GEORGE H. MUNDY, N. P.
                of State of Florida at large.
(Seal)            Office expires Oct. 28, 1908."

To this bill the defendant J. R. Dasher interposed a general demurrer for want of equity in the bill. Upon argument the Circuit Judge sustained the demurrer with

leave to the complainant to amend his bill within ten days. From this order this appeal was taken and the said order is assigned as error.

*W. W. Flournoy,* for Appellant.

*S. K. Gillis,* for Appellees.

TAYLOR, J., (*after stating the facts*). The complainant in his bill alleges, as a conclusion of law, that he and the defendants on or about the first day of November, 1904, entered into a contract of partnership to engage in the business of operating and conducting a certain turpentine plant for the purpose of manufacturing rosin and spirits-turpentine at Hog Town near Point Washington, in Washington county, Florida; that by the terms of said contract complainant and defendants were to conduct said business under the firm name of Dasher, Rose & Company. What any of the other terms of this alleged contract of partnership were the bill fails to state. It fails to state how much, if any, of the partnership capital was or would be contributed by the complainant, or by the defendants; it fails to state anything as to any obligation to share in the profits, losses or expenses of the business—indeed what is stated of this alleged contract of partnership alleged to have been entered into on or about November 1st, 1904, is a mere conclusion of the pleader with no statement of any facts from which a court can determine whether the alleged contract established or created the relationship of partners between these parties or not. But in addition to this defect in the bill, the written contract subsequently entered into between them on February 13th, 1905, and exhibited as a part of the bill, according to our interpretation thereof,

is altogether inconsistent with the existence in fact of a partnership between the parties. This written contract says nothing about any partnership, but, in its terms is inconsistent with the idea of partnership. It binds the defendants to make a proper bill of sale conveying a one-third interest in certain specified personal *property* to the complainant in consideration of the personal services of the complainant in the conduct and supervision of the turpentine business and plant of the defendants, whenever such business shall have yielded the sum of $6724.20, whether in gross, or net, after deducting expenses is not stated, reserving the right to the defendants, either or both of them, at any time, if the management of the business by the complainant should for any reason become unsatisfactory to either or both of the defendants, to sever their connection with the complainant, and thereupon, in lieu of conveying to him a one-third interest in the property, to pay him $50 per month from the date of the contract until its forfeiture. It will be observed that this contract binds the defendants to convey to the complainant, not a one-third interest in the *business,* but a third interest only in certain specified *property.* The bill fails to negative the idea of a complete forfeiture of his rights by the complainant under this contract. It alleges that the complainant to the best of his ability has given to the management of said business his entire time and best attention, but fails to allege that the management by him proved to be *satisfactory* to the defendants, or was of such nature as that it was entitled to be reasonably satisfactory. If not so *satisfactory,* for any reason, the defendants had the right under the contract to sever their connection with him, and to pay' for his *services,* not as a partner, but as an *employee,* the sum of $50 per

month for the time of his service.   In view of this construction of the contract between the parties, the court below ruled correctly in sustaining the demurrer of the defendants to the complainant's bill.   The decree appealed from is, therefore, hereby affirmed at the cost of the appellant, and the cause is remanded with directions to dismiss the bill.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.